IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAROLE R. WHITE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE KROGER CO. and THE KROGER CO. BENEFIT PLAN,<br><br>　　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER AWARDING ATTORNEYS' FEES**<br><br>Case No. 1:06-CV-00080 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

In its order of November 2, 2007, the district judge awarded fees to Plaintiff White for fees incurred on her successful claim for penalties because Defendants "violated the ERISA requirement to provide plan documents within thirty days of a plan participant request."[1] She was not successful on her claim under COBRA, however. "Therefore," the district judge said, "a fee award is proper only for time reasonably attributable to her ERISA claim."[2] One of the considerations in the judge's decision to award fees was to "encourage dissemination of plan information in the future to the benefit of all plan participants . . . ."[3]

Plaintiff's counsel filed a declaration,[4] with supporting exhibits, claiming $18,465.70 for lawyer time and office costs of $867.93 based on the following facts:

- White's fee agreement provided for a contingency fee of 35%;[5]

---

[1] Order Granting and Denying Summary Judgment Motions and Awarding Attorney's Fees (Order) at 3, docket no. 51, filed November 2, 2007.

[2] *Id.* at 9.

[3] *Id.*

[4] Affidavit of Brian S. King, docket no. 55, filed November 16, 2007.

[5] *Id.* ¶ 6.

- Time spent on the case was valued at $300.00 per hour, $200 per hour; and $175 per hour for different attorneys;[6]

- Those are market-supported rates;[7]

- "The total time Plaintiff's counsel has in the case, multiplied by the regular hourly rates of the lawyers working on the case, is $41,967.50;"[8]

- The costs advanced in the case total $1,972.56;[9]

- "The benefit amount at issue in this case is $24,838.51;"[10] (This is the claim that was denied.)

- "The maximum amount of statutory penalties plaintiff could recover in this matter is $15,070.00;"[11]

- Fees ought to be allocated between the two causes of action based on simple division – half of her claims were successful, so half the fees and expenses should be awarded – or on a percentage of potential recovery – the penalties claim was potentially 37.76% of the total recovery.[12]

The amount actually awarded for penalties was $4,110.00.[13]

Defendants object to the method of allocation[14] – the last point above. They argue that since "most of the hours spent by White's attorneys in this case were not reasonably attributable to the Penalties Claim, such fees were 'unnecessary' for purposes of calculating compensable attorneys' fees."[15] "[A]ttorneys' fees under ERISA must 'exclude hours that were not reasonably

---

[6] *Id.* ¶ 8.

[7] *Id.* ¶ 9.

[8] *Id.* ¶ 10.

[9] *Id.* ¶ 11.

[10] *Id.* ¶ 12.

[11] *Id.* ¶ 13.

[12] *Id.* ¶¶ 15 and 16.

[13] Order at 8.

[14] Objections to Affidavit Of Brian S. King and White's Request for Attorneys' Fees, docket no. 57, filed December 7, 2007.

[15] *Id.* at 6.

expended in that they were excessive, redundant, or otherwise unnecessary.'"[16] Defendants analyze discovery and motion efforts in the case,[17] and conclude that the gross amount of fees and expenses claimed by White's counsel ($41,967.50 and $1,972.56) should be reduced by 90%.[18] The Defendants recommend an award of $3.623.75.

After review of the file and the parties' submissions, the magistrate judge finds that the reasonable value of the attorneys' fees and expenses incurred by Plaintiff is $43,940.06 and that an allocation of 25% of that amount is appropriate. It is not possible to reject out of hand 90% of the effort in the case as having no relationship to the result.

## ORDER

IT IS HEREBY ORDERED that the sum of $10,985.02 is awarded for a fee award on Plaintiff's ERISA claim.

Dated this 22st day of January, 2008.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[16] *Id.* (quoting *Cefali v. Buffalo Brass Co., Inc.*, 748 F. Supp. 1011, 1018 (W.D.N.Y. 1990)).

[17] *Id.* at 2-5.

[18] *Id.* at 7.